IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALIK HOUGH,

    **Plaintiff,**

    v.                                    CASE NO. 24-3077-JWL

FEDERAL BUREAU OF PRISONS,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Malik Hough is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff, a federal prisoner, brings this pro se civil rights action under 42 U.S.C. §1983. Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that Correctional Officer ("CO") Cunningham planted drugs in Plaintiff's cell and then charged him with an incident report under false pretenses. (Doc. 1, at 2, 6.) As a result, Plaintiff is housed in the Special Housing Unit ("SHU"). *Id*.

Plaintiff also makes claims regarding his conditions of confinement at USPL. He alleges that a lockdown started around March 1, 2024, and he was deprived of water and access to a shower for two weeks. *Id*. at 3. He also alleges that from April 5 to April 16, he was deprived of nutritious meals with sufficient calories. *Id*. at 4. Plaintiff claims that he has been forced to drink the tap water contaminated with lead for over two years. *Id*. at 8. Plaintiff further alleges

1

that the water is contaminated with lead and feces, and for days he was forced to urinate and defecate in plastic bags with no water to use the restroom. *Id*. at 9. Plaintiff also alleges that his cell walls are wet and contain black mold. *Id*. Plaintiff claims that his personal property was destroyed while he was in the SHU during the massive lockdown. *Id*. at 10. Plaintiff claims that he is only allowed to put two phone numbers on his inmate phone list. *Id*. at 11. Plaintiff states that the prison has been preventing him from seeing his medical providers. *Id*. at 12.

Plaintiff names as defendants: the Bureau of Prisons; USPL Warden Carter; USPL Assistant Warden Alatary; USPL Captain Hart; and USPL CO Cunningham. For relief, Plaintiff seeks a sentence reduction, to have his incident report expunged, to have his status points reinstated, to be transferred to a low-security facility, and compensatory damages. *Id*. at 5.

**II. Statutory Screening**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

3

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. 42 U.S.C. § 1983

Plaintiff brings this action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted). Plaintiff names the BOP and staff at USPL as defendants, and provides no factual claim or support for a claim that any defendant acted under color of state law.

### 2. Claims Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

Plaintiff has not shown that a *Bivens* remedy is available for his claims. The Tenth Circuit recently recognized the Supreme Court's decision in *Carlson v. Green*, 446 U.S. 14 (1980), where the Supreme Court implied a damages action for a federal prisoner's inadequate-

care claim under the Eighth Amendment. *Noe v. United States Gov't*, 2023 WL 8868491, at *2 (10th Cir. Dec. 22, 2023). The Tenth Circuit in *Noe* stated that:

> However, the Supreme Court has since "emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Egbert*, 596 U.S. at 491 (internal quotation marks omitted). Accordingly, the Court eventually settled on a two-step analysis of proposed *Bivens* claims. At step one, a court has to consider "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningfully' different from the three cases in which the [Supreme] Court has implied a damages action." *Id.* at 492 (brackets omitted) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017)). And at step two, "if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.' " *Id.* (quoting *Abbasi*, 582 U.S. at 136).
>
> Noe argues that his *Bivens* claim is cognizable because the factual context of his case is like the factual context in *Carlson*, and factual similarity is sufficient to permit [] *Bivens* claims to proceed regardless of whether a plaintiff has a meaningful alternative remedy. Noe also argues that the BOP's Administrative Remedy Program (ARP) is not a meaningful alternative to a civil action. Because the district court dismissed the *Bivens* claim with prejudice for failure to state a claim for relief, our review is de novo. *See Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014).
>
> We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022), the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two. In *Silva*, we observed that *Egbert* "appeared to alter the existing two-step *Bivens* framework by stating that 'those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy.' " 45 F.4th at 1139 (quoting *Egbert*, 596 U.S. at 492). And we viewed "the key takeaway from *Egbert*" as being "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs.' " 45 F.4th at 1141 (quoting *Egbert*, 596 U.S. at 494) (emphasis and brackets in *Silva*). We concluded that, in light of

5

> Supreme Court precedent, "the [ARP] is an adequate 'means through which allegedly unconstitutional actions can be brought to the attention of the BOP and prevented from recurring.' " *Id.* (ellipsis omitted) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)). And " '[b]ecause *Bivens* is concerned solely with deterring the unconstitutional acts of individual officers,' " we determined that "the availability of the [ARP] offers an independently sufficient ground to foreclose [a] *Bivens* claim" brought by a federal prisoner. *Id.* (quoting *Egbert*, 596 U.S. at 498). [FN 3]
>
> Read together, *Egbert* and *Silva* direct that where the government has provided an alternative remedy, a court generally should not recognize a *Bivens* claim even if the factual context is not meaningfully different from that in *Bivens*, *Davis*, or *Carlson*. And here, the ARP, which *Silva* says is an adequate alternative remedy, is available to Noe. Thus, Noe's *Bivens* claim is, as the district court concluded, not cognizable.
>
> As Noe points out, at least one district court (outside the Tenth Circuit) has said that if the context is not meaningfully different from *Bivens*, *Davis*, or *Passman*, the analysis ends there, and the *Bivens* claims can proceed without the step-two inquiry into whether an adequate alternative remedy exists. *See Kennedy v. Massachusetts*, 643 F. Supp. 3d 253, 259 (D. Mass. 2022) ("[B]ecause this court is not fashioning a new *Bivens* context, the Court need not consider alternative remedial structures."). [FN 4] But precedential decisions of this court bind later panels unless there has been "en banc reconsideration or a superseding contrary decision of the U.S. Supreme Court." *United States v. Ensminger*, 174 F.3d 1143, 1147 (10th Cir. 1999) (internal quotation marks omitted). Because neither of those conditions is satisfied, we are bound by *Silva*'s interpretation of *Egbert*.

*Id*. at *2–3 (footnotes omitted).[1]

---

[1] The Tenth Circuit noted in footnotes 3 and 4 that:

FN3: In *Silva*, we noted that *Egbert* did not overrule *Abbasi* and that there was some tension between *Abbasi*'s two-step approach and *Egbert*'s apparent collapsing of those two steps into one. *See* 45 F.4th at 1139 & n.4. But we "decline[d] to address or resolve any [such] tension . . . because it [was] not necessary to dispose of the appeal before us." *Id.* Likewise, here, we may decide this appeal without resolving any tension between *Abbasi* and *Egbert* given our reliance on *Silva*'s interpretation of *Egbert*.

FN4: Noe relies on another case taking the same approach, *Ibuado v. Federal Prison Atwater*, No. 1:22-cv-00651, 2022 WL 16811880, at *4 (E.D. Cal. Nov. 8, 2022) (unpublished), but that decision—a magistrate judge's

Based on the reasoning set forth in the recent Tenth Circuit opinion in *Noe*, the Court finds that Plaintiff's Complaint fails to state a claim for relief under *Bivens*.

### 3. Habeas Nature of Claims

The Court also notes that to the extent Plaintiff seeks to have his disciplinary report expunged or to have his sentence reduced, such claims must be brought pursuant to a habeas action. A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

Challenges to prison disciplinary proceedings must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits."); *see also Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004) (inmates were entitled to habeas relief on grounds that revocation of their earned credits resulting from unsupported disciplinary convictions violated due process), *superseded by statute on other grounds as stated in Magar v. Parker*, 490 F.3d 816, 818–19 (10th Cir. 2007). Plaintiff may not challenge prison disciplinary actions and the loss of good time in this civil rights action, but may only do so by filing a petition for writ of habeas corpus.

---

recommendation—was vacated by the magistrate judge before the district court ever ruled on it, *see* 2023 WL 159568, at *1 (E.D. Cal. Jan. 11th, 2023) (unpublished).

To the extent Plaintiff seeks to have his disciplinary record expunged, such a claim must be brought as a petition for habeas corpus under 28 U.S.C. § 2241. *See Buhl v. Hood*, 81 F. App'x 273, 274 (10th Cir. 2003) (unpublished) (citing *see, e.g., Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002) (construing § 2254 habeas corpus action challenging prison disciplinary proceeding as action brought under § 2241); *Easter v. Saffle,* 51 Fed. Appx. 286, 288–89 (10th Cir. 2002) (noting that where claims necessarily imply invalidity of punishment imposed by disciplinary proceeding, they cannot be brought under § 1983) (unpublished); *Caserta v. Kaiser,* No. 00–6108, 2000 WL 1616248, at *2 (10th Cir. Oct. 30, 2000) (noting that determination of "issues concerning prison disciplinary proceedings," are properly brought under § 2241) (unpublished); *Blum v. Fed. Bureau of Prisons,* No. 98–1055, 1999 WL 638232, at *1 (10th Cir. Aug. 23, 1999) (recognizing federal prisoner's challenge to disciplinary proceeding brought under 28 U.S.C. § 2241) (unpublished); *Reed v. Smith,* No. 97–6341, 1999 WL 345492, at **1–2 (10th Cir. June 1, 1999) (challenge to federal prison disciplinary proceeding not cognizable in *Bivens* action, but rather belongs under habeas corpus) (unpublished); *Brown v. Smith,* 828 F.2d 1493, 1494–95 (10th Cir. 1987) (construing civil rights complaint as also invoking § 2241 jurisdiction where prisoner challenged disciplinary proceedings)).

### 4. Motion to Issue Summonses

Plaintiff has filed a motion (Doc. 3) asking for assistance in serving summonses. However, such a request is premature in light of this Memorandum and Order to Show Cause. Plaintiff's Complaint has not passed screening and any request to serve Defendants is denied as premature.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion (Doc. 3) for issuance of summonses is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 8, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated June 6, 2024, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE